IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16-cv-00009-KMT

NATHAN REYNOLDS AND CHELSEA TRONICK,

    Plaintiffs,

v.

DOUBLETAP DEFENSE, LLC AND
HORNADY MANUFACTURING
COMPANY,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

THE PARTIES TO THIS LAWSUIT: Plaintiffs, NATHAN REYNOLDS and CHELSEA TRONICK, by and through their attorneys of record, Sherman & Howard L.L.C., Defendant DOUBLETAP DEFENSE, LLC., by and through its attorneys of record, Hall & Evans, LLC and Pisciotti Malsch, P.C., and Defendant HORNADY MANUFACTURING COMPANY, by and through its attorneys of records, Cline Williams Wright Johnson & Oldfather, L.L.P., do hereby stipulate to the entering of the following Protective Order.

**IT IS HEREBY ORDERED** that any and all documents produced or to be produced by any party to this action pursuant to any Disclosure, Interrogatory, Request for Disclosure, Request for Production of Documents, Request for Admission, Deposition Notice or any other discovery device, or testimony by way of deposition, interrogatory or at trial which are proprietary, confidential, trade secrets or otherwise sensitive commercial information, shall be

subject to this Protective Order. These documents and testimony are referred to as "Protected Documents" and "Protected Testimony," as hereinafter defined, and are to be maintained in a confidential manner under the procedures as hereinafter set forth:

1. The term "Protected Document" as used herein shall mean any document (including, but not limited to, any and all excerpts, digests, summaries or indices thereof) disclosed or produced during discovery and designated at the time of production as a "Protected Document." A "Protected Document" shall continue to be a "Protected Document" until such time as the producing party expressly agrees in writing that the document is no longer considered to be a "Protected Document" or there is a finding by this Court that the document is not the proper subject of protection under the applicable law.

2. The term "Protected Testimony" as used herein shall mean any testimony given by way of deposition, interrogatory, or at the trial of this action (including, but not limited to, any and all excerpts, digests, summaries or indices thereof) that is designated at the time the testimony is given and designated to be "Protected Testimony." "Protected Testimony" shall continue to be "Protected Testimony" until such time as the producing party expressly agrees in writing that the testimony is no longer considered to be "Protected Testimony" or there is a finding by this Court that the testimony is not the proper subject of protection under the applicable law.

3. The documents designated and produced as "Protected Documents" and testimony designated as "Protected Testimony" shall be given confidential treatment as described below. All such designations made pursuant to the provisions of Paragraphs 1 and 2 are to be made by counsel for the parties acting in good faith and not for purposes of harassment,

annoyance or to unduly delay or complicate discovery in this action. This Protective Order does not protect dissemination of information lawfully obtained through other means.

4. Without further order of this Court, requesting or receiving parties may disclose the contents of "Protected Documents" and "Protected Testimony" **only** to the following persons (hereinafter referred to as "Qualified Persons"):

    a. Counsel of record in this action for requesting or receiving party;

    b. Regular employees of such counsel assigned to and necessary to assist such counsel in the preparation or trial of this action;

    c. Experts retained in this matter but only to the extent necessary for preparation or testifying by that expert, and subject to all of the terms and conditions of this Order, and provided that no disclosure shall be made to any person employed by any competitor of the party producing the "Protected Document" or giving "Protected Testimony" except upon further order of this Court;

    d. Parties to this matter but only to the extent necessary for the defense or prosecution of this case, and subject to all of the terms and conditions of this Order;

    e. The Court and its personnel and any jury empanelled in this action using the approved method of submitting evidence confidential in nature;

    f. Stenographic reporters and videographers retained by the parties in this action;

    g. Mediator(s), including appropriate members of their staff as necessary or appropriate;

    h. Deponents and witnesses during the course of testimony in this action;

    i. Potential witnesses in this action, but only such Protected Information as is relevant and material to the potential testimony of the witnesses and to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    j. Other persons by written agreement of the parties.

5.      In the event that any person, expert or witness in this action or other "Qualified Person" is not willing to agree to be bound by this Order, the party seeking confidentiality may move the Court for an Order compelling the person to comply with this Order within twenty-one (21) days of written notification that the person is unwilling to be bound.  This provision is without waiver to any party's right to move the Court for a ruling on whether it may use material designated as "Protected Document" or "Protected Testimony" pursuant to this Order in questioning an expert or witness who refuses to sign and is not compelled by the Court to maintain confidentiality.

6.      If a person, expert or other "Qualified Person" refuses to acknowledge and be bound by this Order during the course of a deposition, the deposition may be adjourned so that the party seeking confidentiality may move for an order compelling the witness to comply with this Order within twenty-one (21) days following the refusal to agree to this Order.  The time for filing such a motion, when the refusal is during a deposition, is controlled by this paragraph.

7.      Every "Protected Document" copied for production (including excerpts, digests, summaries or indices thereof) shall be clearly marked as follows:

   a.   **CONFIDENTIAL**
        **U.S.D.C. District of Colorado**
        **Docket No. 16-cv-00009-KMT**
        **SUBJECT TO PROTECTIVE ORDER**
        **UNAUTHORIZED DUPLICATION PROHIBITED;** or

   b.   by imprinting the word "Protected" or "Confidential" on any "Protected Document" produced, or next to or above any response to a disclosure or discovery request; or

   c.   in writing, by designating specific Bates pages of documents produced "Protected" or by otherwise identifying specific documents or information as "Protected" or "Confidential."

8.      "Protected Testimony" shall be designated by line identification by counsel for the producing party within thirty (30) days of receipt of the transcript of said testimony, or such other time period as stipulated by the parties, or noted in the record at the start and the conclusion of "Protected Testimony," and shall remain at all times under the custody of counsel for the party or parties obtaining such testimony, or their retained experts as defined in paragraph 4(c) above only.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty-one (21) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to bring the matter to the Court's attention pursuant to the Discovery Dispute Resolution Procedures set forth in the Court's Local Rules and/or Individual Practice Rules. In the meantime, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the issue. If the designating party fails to take such action within prescribed reasonable period of time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.     "Protected Documents," the material contained therein and "Protected Testimony" shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever other than "Qualified Persons," as defined above. Except as

provided for in paragraph 4 above, plaintiffs, defendants and "Qualified Persons" shall keep all "Protected Documents," the material contained therein and "Protected Testimony" confidential from all persons in accordance with the provisions of this Order.

11. Prior to disclosing any Protected Documents or Protected Testimony to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters and videographers), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

12. Counsel for a requesting or receiving party shall keep records of all copies of each "Protected Document" or "Protected Testimony" made and/or distributed, in whole or in part, or any summaries or excerpts thereof to "Qualified Persons." Any copies so distributed shall be returned to the respective counsel immediately upon the completion of the "Qualified Person's" involvement in this case.

13. To the extent that any "Protected Document" or information obtained therefrom is used in the taking of depositions, all such "Protected Documents" and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the "Protected Documents," "Protected Testimony" or information. At the time any "Protected Document" is used in any deposition, the reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order, and the reporter shall separately label the "Confidential" portions of the deposition transcript upon receipt of the designation by counsel for the producing party pursuant to Paragraph 8. Any

"Protected Documents" marked as exhibits shall be kept in a separate sealed envelope, with the envelope appropriately marked that the contents are subject to Protective Order pursuant to paragraph 7. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order in substantially the same form as follows below:

> **This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof displayed, or revealed except by order of the Court, or pursuant to written stipulation of the parties.**

14. In the event Protected Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its Confidential or Protected status as between the parties through such use. Protected Information and pleadings or briefs quoting or discussing Protected Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Protected Information at issue is entitled to protection under applicable law. Any documents filed under seal pursuant to motion shall be done in accordance with the court's local rules and practices.

15. No requesting or receiving party or "Qualified Person" who receives copies of any "Protected Documents" or "Protected Testimony" or any part, portion, summary or excerpt thereof produced in accordance with this Protective Order, is authorized to disseminate or distribute in any manner, all or any part of the "Protected Document" or "Protected Testimony" to any other person, firm, corporation or organization, without the prior written consent of the producing party, or upon further order of this Court.

16. All documents, information, or other data produced in this matter which are the subject of this Protective Order shall be used solely for the purposes of this litigation and not disclosed outside this litigation or used for any other purpose, including any educational purpose, lobbying, business purpose or any other litigation, mediation or arbitration, except as authorized by Court Order or subpoena.

17. Within thirty (30) days from and after the conclusion of this litigation, including any appeals, either: (a) by compromise settlement, (b) by stipulated dismissal, (c) by entry of final judgment, or (d) by conclusion of appeals, whichever shall occur first, all "Protected Documents," "Protected Testimony" or other materials subject to this Protective Order shall be retrieved by the party who sought their production and either returned to counsel for the producing party or destroyed by the party in possession, the option being at the sole discretion of the producing party, including all "Protected Documents," "Protected Testimony," excerpts, digests, summaries, indices or testimony relating thereto, in whatever form, including copies provided to experts, or any person, firm, corporation or organization obtaining the document as a "Qualified Person."  Nothing in this paragraph shall preclude counsel from retaining their work product or client files in connection with this case.

18. No requesting or receiving party, their counsel or experts, shall under any circumstances sell, offer for sale, advertise, communicate, disseminate, share, or otherwise publicize either the contents of "Protected Documents" or "Protected Testimony," or the fact that the requesting or receiving party has obtained confidential and/or privileged documents or testimony in this litigation.

19. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have control.

20. After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the "Protected Documents" or "Protected Testimony" for enforcement of the provisions of this Protective Order following termination of the litigation.

21. If a party inadvertently produces "Protected Documents" or "Protected Testimony" not designated as such, it may redesignate such information by giving written notice to all parties that the production of such information without having been designated as "Protected Documents" or "Protected Testimony" was inadvertent. Upon receipt of such notice, all parties in possession of such information must stamp all such information as provided above, or alternatively, return the unmarked documents to the producing party who will appropriately stamp/mark such documents as subject to this Stipulation and Order. Any such inadvertent production shall not be considered a waiver of the terms and conditions of this Stipulation and Order.

22. Neither the taking nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial that any document or communication is a "Protected Document" or "Protected Testimony" or subject to any other privileges or is inadmissible for any other reason. Nothing in this Protective Order shall preclude any party from filing a motion seeking to

remove or assert further or different protections from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Protected Information shall be treated at trial.

23.     The parties agree that should any dispute arise over the terms of this agreement, the presiding Judge or Magistrate Judge shall decide such dispute, provided this Court can exercise jurisdiction over the parties and/or person(s) involved in said dispute.

DATED this 3rd day of March, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

APPROVED AND AGREED:

s/ Christian H. Hendrickson
Christian H. Hendrickson
Jared Berg
Sherman & Howard L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900

ATTORNEYS FOR PLAINTIFFS

s/ Jeffrey M. Malsch
Jeffrey M. Malsch
Ryan Erdreich
Pisciotti Malsch, P.C.
30 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 245-8100

and

s/ Gary L. Kuhn
Gary L. Kuhn
Steven Hamilton
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
Telephone: 303-628-3495

ATTORNEYS FOR DEFENDANT
DOUBLETAP DEFENSE, LLC



s/ Tracy Oldemeyer
Tracy Oldemeyer
Cline Williams Wright Johnson & Oldfather, L.L.P
330 South College Avenue, Suite 300
Fort Collins, CO 80524
Telephone: (970) 221-2637

ATTORNEYS FOR DEFENDANT
HORNADY MANUFACTURING COMPANY